IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FRANK'S ELECTRICAL SERVICE,**

**Plaintiff,**

**v.**

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, d/b/a Lightolier and Lightolier Controls,**

**Defendant.**

No. 11-cv-145-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Philips Electronics North America Corporation's motion to dismiss (Docs. 19 [sealed] & 20). Defendant argues (1) plaintiff's claims are barred by prior litigation; (2) plaintiff has failed to plead its claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b); and (3) the false patent marking statute, 35 U.S.C. § 292, is unconstitutional. For the following reasons, the motion to dismiss is GRANTED in part. Plaintiff Frank's Electrical Service's complaint (Doc. 2) is dismissed without prejudice for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiff shall have twenty-one days from the date this Order is entered to file an amended complaint that comports with the pleading requirements in Rule 9(b). Defendant shall have fourteen days from the

date the amended complaint is filed to file a responsive pleading. Defendant's motion to dismiss with regard to the constitutional argument and res judicata argument is denied without prejudice since the Court is granting leave to amend.

## Background

On February 23, 2011, plaintiff filed its twenty-seven count *qui tam* complaint (Doc. 2) alleging defendant violated the false patent marking statute by falsely marking articles with expired patents for the purposes of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patents. On May 16, 2011, defendant filed its motion to dismiss (Docs. 19 [sealed] & 20). Plaintiff responded on June 20, 2011 (Docs. 31 & 38 [sealed]), and defendant replied on June 30, 2011 (Docs. 34 [sealed] & 35). The United States intervened in the lawsuit because of the constitutional dispute, and filed its response to the motion's constitutional arguments on July 11, 2011 (Doc. 40).

Defendant's motion to dismiss argues in part the complaint does not state its claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Specifically, defendant asserts (1) plaintiff has failed to plead defendant acted with intent to deceive the public, as the complaint does not contain specific facts indicating the defendant has engaged in more than negligent action, and (2) plaintiff has failed to plead defendant has "marked" its products within the meaning of the false marking statute, as the complaint does not claim

specific facts showing the patent markings were on the products themselves or the packaging for those products.

Plaintiff argues the complaint is properly pled because it contains specific instances of marking of expired patents and knowledge of that expiration. Plaintiff notes defendant does not contest the false markings. Plaintiff asserts defendant's knowledge of the false markings and intent to deceive is evidenced by a prior lawsuit; a provision in defendant's annual report indicating the annual tracking and evaluation of its patents; and the "threat" of litigation on expired patents found on some of defendant's brochures, websites, and product specifications.

## Law & Analysis

Federal Rule of Civil Procedure 9(b) provides "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) applies to false marking claims under 35 U.S.C. § 292. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). The Federal Circuit in *BP Lubricants* held that, under Rule 9(b), "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id*. To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff may plead upon information and belief, the complaint must contain sufficient underlying facts from which a court may reasonably infer

that the defendant acted with the requisite state of mind. *Id.* at 1311 (*citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). To allege the requisite intent to deceive in the § 292 context, the complaint must "provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 637 F.3d at 1311. As to the rebuttable presumption of intent to deceive the public recognized by the Federal Circuit in *Pequignot v. Solo Cup Co.*, 608 F.3d 1365 (Fed. Cir. 2010), the Court in *BP Lubricants* found:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, '[t]he bar for proving deceptive intent [in false marking cases] is particularly high,' requiring that the relator show 'a purpose of deceit, rather than simply knowledge that a statement is false.' That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*BP Lubricants*, 637 F.3d at 1313 (*quoting Pequignot*, 608 F.3d at 1362-63 (internal citations omitted)). The Federal Circuit determined that because the relator's complaint "provided only generalized allegations rather than specific underlying facts from which [the Court could] reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *BP Lubricants*, 637 F.3d at 1312. "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engage in more than negligent action." *Id.* at 1311.

The false marking statute says that "Whoever marks upon, or affixes to, or uses in advertising in connection with any article the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). Plaintiff's current complaint alleges only false marking, not affixing or advertising. The plain language of that statute indicates the phrase "mark[ed] upon" requires the patent markings be either on the product itself or the packaging for that product. *See Pequignot*, 608 F.3d at 1365 (finding markings on the packaging of an item to be subject to the false marking statute); *Oakley, Inc. v. Bugaboos Eyewear Corp.*, 757 F. Supp. 2d 1050, 1055-56 (S.D. Cal. 2010) (agreeing with the plain language interpretation of "mark[ed] upon").

Here, plaintiff's complaint provided examples of allegedly false markings on current specifications of the products, or on the product brochures, which may be found online. Because of the markings on the specifications, brochures or internet, plaintiff alleges defendant marks its products. However, plaintiff offers no examples of this alleged marking. Because the phrase "mark[ed] upon" requires marking on the product or packaging itself, plaintiff's allegations are insufficient under Rule 9(b).

Furthermore, plaintiff has similarly failed to plead intent to deceive with requisite specificity. Plaintiff's claims that defendant's knowledge of the false markings and intent to deceive are evidenced by a prior lawsuit; a provision in defendant's annual report indicating the annual tracking and evaluation of its

patents; and the "threat" of litigation on expired patents found on some of defendant's brochures, websites, and product specifications, are not sufficient to show intent to deceive. They may suggest negligence or that defendant should have known the patents expired, but the allegations are not indicative of proof of knowledge of falsity as required by Rule 9(b) and *BP Lubricants.*

## Conclusion

Therefore defendant's motion to dismiss is GRANTED in part. Plaintiff's complaint is dismissed without prejudice for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiff shall have twenty-one days from the date this Order is entered to file an amended complaint that comports with the pleading requirements in Rule 9(b), as explained by *BP Lubricants*. Defendant shall have fourteen days from the date the amended complaint is filed to file a responsive pleading. Defendant's motion to dismiss with regard to the constitutional argument and res judicata argument is denied without prejudice since the Court is granting leave to amend.

**IT IS SO ORDERED.**

Signed this 18th day of July, 2011.

Digitally signed by David R. Herndon
Date: 2011.07.18 15:53:07 -05'00'

**Chief Judge
United States District Court**